PUMMELL v. STATE ex HILL

Ohio Appeals, 4th Dist., Vinton Co.

Decided Nov. 3, 1926

465. ERROR—Where in a bastardy proceeding under Sec. 12123 GC., to charge that same was not only for benefit of mother, but to protect state from caring for illegitimate child, is prejudicial error.

129a. BASTARDY PROCEEDINGS—Sec. 12123 GC. is an action for the benefit of the mother of an illegitimate child and in this respect is wholly exclusive.

First Publication of this Opinion

MIDDLETON, J.

Pummell was charged in the Vinton Common Pleas with a complaint in bastardy made by Goldie Hill. He was tried by a jury on said complaint and found guilty. Thereupon he was adjudged the putative father of the child and a judgment was rendered against him for $200.

Pummell contends that the trial court rendered the judgment without hearing any evidence in respect to the amount, "necessary for the support, maintenonce, and expenses" of Hill, caused by her pregnancy and childbirth, together with the costs of prosecution; and further that at no time did the court inquire into such matters prior to a rendition of the judgment.

The Court of Appeals held:

1. Under Sec. 12123 GC. as amended by Act, Apr. 1923 (110 OL 296), bastardy proceeding is authorized exclusively for the benefit of the mother.

2. It is under the above section that it is contended that the trial court made such finding without hearing any evidence. This fact if true, does not affirmatively appear in the record. While there is a complete absence of all evidence on these matters in the bill of exceptions, it was not necessary and it would not have been proper to submit such evidence to the jury.

3. It follows as it was not the jury's place to determine any fact in relation to the amount of the judgment, that the absence of any evidence in the record of the trial to the jury in respect to these matters raises no presumption that no inquiry whatever was made as the time to make such was after the verdict and before the judgment.

4. In the courts charge he said that the proceeding was not only to give the prosecutrix aid but also to protect the state from caring for the illegitimate child.

5. The vice of this instruction lies in the fact that it is well understood that many jurors regard the matter of a child's support as the most important factor in bastardy proceedings, and are frequently influenced by that fact in determining the guilt of one accused of bastardy. That element was not in the case, and it was an improper instruction which calls for a reversal.

Judgment reversed.

(Mauck, PJ., and Sayre, J., concur.)

Attorneys—E. D. Ricketts, Logan for Pummell; O. E. Vollenweider, McArthur, for State ex.