DETROIT & IRONTON RAILROAD CO. v. WAHL, et.

Ohio Appeals, 3rd Dist., Henry Co.

No. 192. Decided June 27, 1927.

Judges Richards, Williams and Lloyd of the 6th Appellate District sitting in place of Judges Crow, Hughes and Justice of the 3rd Appellate District.

1053. . ROADS AND HIGHWAYS—991. Railroads—Policy of State is to not permit grade crossings unless exceptional reason exists therefor, and power to determine when such reason exists is vested by legislature in Court of Common Pleas.

Error to Common Pleas. Petition dismissed.

First Publication of this Opinion

LLOYD, J.

The railway Company procured a right of way, and was consrtucting a line or railroad thereon. This line, according to the plans, would cross twelve public highways in Henry County. By its petition filed in the Court of Common Pleas, plaintiff seeks the right to cross these highways at grade. It is stated in the briefs of counsel that the defendants consented to the crossing by plaintiff of eleven of these highways at grade and the record shows an order to have been made by the court permitting them to be so constructed. The court refused to permit the plaintiff to cross, at grade, a highway known as the Liberty Center road, and the plaintiff seeks to have this court reverse the order so made.

The attitude of the State in relation to grade crossings is most aptly expressed in 8895 GC., which provides as follows: "Except as hereinafter provided, all crossings, hereinafter constructed, whether of highways by railroads, or of railroads by highways, shall be above or below the grade thereof."

It is plain, therefore, that the policy of the state is to not permit grade crossings unless some exceptional reason exists therefor, and the power to determine when such reason exists is vested, by legislative enactment, in the Court of Common Pleas.

The proceedings in the instant case are based on the provisions of 8896 et seq. GC. and 8898 GC. It is evident from the provisions of these sections that the responsibility for determination of the question is vested in the Court of Common Pleas and that such an order cannot and ought not in any case to be made by consent of the public authorities and the railroad seeking the privilege, but by the Court upon such evidence as may have been submitted in relation thereto.

In the instant case the Court of Common Pleas was not satisfied that the establishment of a grade crossing at the point in question would be conducive to the public welfare but evidently was satisfied that it would be dangerous and therefore should not be permitted.

If this court were invested with jurisdiction to do so, the order of the Court of Common Pleas would be affirmed. But upon examination of the record, we find that the journal entry was filed more than seventy days after the entry of the order, and it becomes evident that this court has not acquired jurisdiction to review the questions here involved.

Petition in error dismissed.

(Richards and Williams, JJ., concur).

Attorneys—Geo. S. May and Wallace Visscher for Railroad Co; Geo. A. Meekison for Wahl, et; all of Napoleon.