Marshall, C. J.
 

 Plaintiff in error was arrested and convicted in the common pleas court of Mahoning county on a charge of bastardy, and prosecuted error from the judgment of that court to the Court of Appeals of Mahoning county. The error proceeding was heard in the Court of Appeals, and on
 
 *454
 
 March 28, 1928, that court affirmed the judgment in the following terms:
 

 “It is therefore considered, ordered and adjudged by this court, that the judgment and proceedings of the said court of common pleas, in said action be, and the same are hereby, in all things affirmed * * * and that a special mandate be sent to the court of common pleas of Mahoning county to carry this judgment into execution. ’ ’
 

 Thereafter, on April 4, 1928, the transcript of the docket and journal entries shows that a motion was filed. • No copy of that motion appears in the record, but we are advised that it was a motion to have the cause certified because of the judgment of the Court of Appeals being in alleged conflict with a judgment pronounced upon the same question by the Court of Appeals of Vinton county in the case of
 
 Pummell
 
 v.
 
 State, ex rel. Hill,
 
 decided November 3, 1926, and reported in 22 Ohio App., page 340, 154 N. E., 745. That motion was apparently taken under advisement by the Court of Appeals, and not acted upon by the court until October 4, 1928, which is 190 days after the original judgment of affirmance. On October 4, 1928, the Court of Appeals certified that the judgment was in conflict with the judgment of the Court of Appeals of Vinton county, and therefore certified the cause to this court for review and final determination. On the same day the Court of Appeals placed upon its journal another entry, the material parts of which are as follows:
 

 “This cause came on to be heard at a former day of this term of said court and was by said court taken under advisement. On consideration whereof it is now ordered, adjudged and decreed that the
 
 *455
 
 motion for a rehearing of said cause be and the same hereby is overruled, and that the judgment of the court of common pleas of Mahoning county, Ohio, he and the same hereby is, affirmed. * * * It is further ordered that a special mandate be sent to the court of common pleas of Mahoning county, Ohio, to carry this judgment into execution.”
 

 It will he seen, therefore, that on March 28, 1928, the Court of Appeals rendered a complete judgment of affirmance and remanded. One hundred and ninety days later, without any vacation of the former judgment, and upon a mere recital that the cause had been taken under advisement at a former day of the term, it proceeds to render another judgment in all essential respects identical with the former judgment. It is at least significant that the later judgment recites that the cause was taken under advisement at a former day of the term in which October 4th would be included. It is apparent therefore that the further consideration of the cause was solely upon the motion for certification on the ground of conflict, and there is nothing in the later entry to indicate that it was all of that time being held under advisement upon the merits of the proceeding.
 

 After the cause was filed in this court upon the certificate of conflict, the defendant in error filed a motion to dismiss on the ground that the petition in error was not filed within 70 days from the date of the final entry in the Court of Appeals, as required by Section 12270, General Code. That portion of Section 6 of Article IV of the Ohio Constitution relating to conflict provides: “And whenever the judges of a court of appeals find that a judgment
 
 *456
 
 upon ■which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of thevcase to the Supreme Court for review and final determination.”
 

 It will be seen that no time is fixed by the Constitution within which the cause must be docketed in the Supreme Court. In
 
 City of Akron
 
 v.
 
 Roth,
 
 88 Ohio St., 456, 103 N. E., 465, this court arbitrarily fixed a limitation of 70 days for filing a motion to certify, and at a later date this court established a rule requiring such motion to be filed within 30 days after the entry of judgment in the Court of Appeals. In
 
 Crawford
 
 v.
 
 Weidemeyer,
 
 93 Ohio St., 461, 113 N. E., 267, this court again arbitrarily fixed a limitation of 70 days within which a petition in error must be filed in this court where the cause has been certified on the ground of conflict. This case is, therefore, where a cause is certified by the Court of Appeals on the ground of conflict, a very definite authority for requiring the same to be filed within 70 days after the entry of judgment in the Court of Appeals. The most casual inspection of the entry of affirmance under date of March 28, 1928, shows that it was a complete judgment, leaving nothing at that time for future consideration. It is also apparent from the later entry of October 4, 1928, that nothing further was considered during the' term which was current on March 28, 1928. It has been repeatedly decided by this court that, where a judgment is entered in the trial court, the pendency of a motion for new trial does not stay the running of the 70-day period within which an error proceeding must be commenced.
 
 Young
 
 v.
 
 Shallenberger,
 
 53
 
 *457
 
 Ohio St., 291, 41 N. E., 518;
 
 Dowty
 
 v.
 
 Pepple,
 
 58 Ohio St., 395, 50 N. E., 923;
 
 Craig
 
 v.
 
 Welply,
 
 104 Ohio St., 312, 136 N. E., 143;
 
 Wells, Jr.,
 
 v.
 
 Wells,
 
 105 Ohio St., 471, 138 N. E., 71. It is the spirit of those cases that the overruling of a motion for a new trial does not affect the judgment already entered. In
 
 City of Dayton
 
 v.
 
 Public Utilities Commission,
 
 111 Ohio St., 476, 145 N. E., 849, this court decided:
 

 “The time from which to compute the 60 days, allowed for the institution of proceedings in error from the public utilities commission to the Supreme Court, under the provisions of Section 547, General Code, is the date of entry of the final order on the journal of the commission, and not the date of the overruling of the application for a rehearing.”
 

 Although that case related to error proceedings from the Public Utilities Commission, the opinion discussed the matter as analogous to error proceedings from the lower courts. It will therefore be proper to regard that case as presenting a very definite analogy to the case at bar. The real analogy between that case and the instant case is found in the fact that the overruling of the application for a rehearing leaves the judgment as though no application for rehearing had been made.
 

 The entry of October 4, 1928, does not vacate the entry of March 28, 1928; neither is the judgment entered on March 28, 1928, modified in the slightest particular. The case of
 
 Wyant
 
 v.
 
 Russell,
 
 109 Ohio St., 167, 142 N. E., 144, is another very pertinent authority indicating the strictness with which this court has adhered to the rule that the 70-day period begins to run from the date of the first entry of-final
 
 *458
 
 disposition, which has not later been modified. The former judgment entry having completely disposed of the case, and it having been remanded to the court of common pleas for execution, and no subsequent order of the court having served to vacate or modify it, the 70-day period must be held to have begun to run on March 28, Í928.
 

 It is urged, however, that a bastardy proceeding .is governed by the procedure applicable to criminal causes, and that therefore the statutory limitation for filing the petition in error does not apply. It has never been definitely decided by this court whether a bastardy proceeding is civil or criminal. It was said by Ranney, in
 
 Perkins
 
 v.
 
 Mobley,
 
 4 Ohio St., 668:
 

 “The proceeding here is neither strictly civil nor criminal. It neither punishes a crime, nor gives redress for a civil injury. It is simply a statutory remedy to enforce a high moral duty.”
 

 In
 
 Hawes
 
 v.
 
 Cooksey,
 
 13 Ohio, 242, 245, it is stated:
 

 “It is sometimes called a quasi criminal proceeding, that is, it is the enforcement of a moral duty arising from a criminal act, not prosecuted under the forms of a trial for a criminal offense. The act of the putative father is a crime against the peace and good order of society, and when accomplished through the medium of seductive arts, involving the highest turpitude. The statute does not contemplate the punishment of the criminal act itself, but only the enforcement of the moral duty of maintaining the child, consequent upon the act.”
 

 In
 
 Carter
 
 v.
 
 Krise,
 
 9 Ohio St., 402, it is stated in the opinion:
 

 
 *459
 
 “But, after all, this question can properly he determined only by looking into the essential nature, aim, and object of the proceeding. Does it aim to punish the defendant? Or is it in its nature simply a remedy to enforce the discharge of a civil and moral duty? It is clearly the latter, and that only.”
 

 The lower courts of this state have held that only a preponderance of evidence is necessary to justify a verdict of guilty, and that a verdict may he rendered by concurrence of not less than three-fourths of the jury. We are therefore constrained to hold tha,t this is a civil proceeding, as distinguished from a criminal proceeding, and that therefore the limitation of Section 12270 of the Civil Code is applicable.
 

 The proceeding must therefore be dismissed.
 

 Counsel for plaintiff in error complains that the failure to file the cause in this court within 70 days is not chargeable to any fault on his part, that his motion was filed very promptly after the entry of judgment in March, and that he could not hasten the action of the Court of Appeals. He therefore argues that, having done all he could reasonably be required to do, and the delay being due entirely to an official who was charged with a duty, the time should not run against him. This court has so held in a number of cases, hut they are not controlling in the instant case. Counsel for plaintiff in error was not helpless in the matter. ' He could have filed a motion to certify the record, which would have stayed the matter until the Court of Appeals had acted. It is true that- in
 
 State, ex rel. Sylvania Home Tel. Co.,
 
 v.
 
 Richards,
 
 94 Ohio St., 287, 114 N. E., 263, this court held that it was within the exclusive jurisdiction of the Court of Appeals to certify
 
 *460
 
 a. cause on the ground of conflict, but it has always been recognized by this court that a conflict is a very cogent ground for allowance of a motion to certify.
 

 Petition in error dismissed.
 

 Day, Alijen, Kinkade, Robinson, Jones and Matthias, JJ., concur.