Barnett *v.* Boice.

(Decided April 3, 1930.)

*Mr. Howard L. Weaver* and *Mr. E. A. Cannon,* for plaintiff in error.

*Mr. John W. Wilson,* for defendant in error.

Kunkle, J. This is a proceeding in bastardy which was instituted in the court of domestic relations of Franklin county, the successor to the juvenile court of Franklin county, and a branch of the court of common pleas of Franklin county.

The complaint of the prosecuting witness, Mary Boice, was submitted to a jury, with the result that the jury unanimously found plaintiff in error, Ottie Preston Barnett, guilty. Motion for a new trial having been overruled, error is prosecuted to this court.

The principal error relied upon by counsel for plaintiff in error to secure a reversal of the judgment herein is that the court of domestic relations of Franklin county had no jurisdiction to hear and determine this question, for the reason that the defendant below, plaintiff in error herein, was a non-resident of Franklin county. It is claimed that he was a resident of Summit county. The complaining witness, Mary Boice, the mother of the child in question, was and had been for a considerable time a resident of Franklin county, although the child was conceived and born in West Virginia. The warrant for the arrest of plaintiff in error was served in Summit county.

Counsel have favored the court with very exhaustive briefs in which the questions of law are discussed and the authorities cited. Counsel for plaintiff in error have furnished the court with a complete review of the statutes and of many of the decisions of courts of sister states upon the question of bastardy. We are of opinion that the case at bar is controlled by the decisions of our own state courts, and therefore do not deem it necessary to discuss the cases cited from sister states.

Counsel for plaintiff in error also referred to various sections of our Code in reference to jurisdictional questions. We are of opinion that this proceeding is controlled by Section 12110, General Code, which reads as follows:

"When an unmarried woman, who has been delivered of or is pregnant with a bastard child, makes a complaint in writing, under oath, before a justice of the peace, or in juvenile court charging a person with being the father of such child, the judge or

justice thereupon shall issue his warrant, directed to any sheriff, police officer or constable of the state, commanding him to pursue and arrest such accused person in any county therein, and bring him forthwith before such judge or justice to answer such complaint.''

In bastardy proceedings, this section of the Code clearly authorizes the arresting officer to pursue a person charged in an affidavit into any county of the state and arrest him and bring him before the court to answer such complaint.

Counsel for plaintiff in error urge with considerable force that, if this statute does grant such power to the arresting officer, then the same is unconstitutional, as the person named in such complaint must be prosecuted in the county of his residence.

Our Supreme Court, in the case of *Duncan* v. *State, ex rel. Williams,* 119 Ohio St., 453, 164 N. E., 527, holds that a bastardy proceeding is a civil proceeding. The authority of courts to bring within their jurisdiction nonresidents of the county is fully discussed in the case of *Allen* v. *Smith,* 84 Ohio St., 283, 95 N. E., 829, Ann. Cas., 1912C, 611. The constitutionality of statutes similar to Section 12110 is also therein discussed and determined. Judge Spear, with his accustomed clearness, rendered the decision of the court in this case, and at page 291, of 84 Ohio State, 95 N. E., 829, 831, among other things, says:

''As a general rule, the statutes require that actions against individuals must be brought in the county where the defendant resides or may be personally served with process, but it does not follow that the general assembly is without power to make exceptions.''

The syllabus in that case is as follows:

"1. The jurisdiction of the courts of common pleas of the state is, by force of section four of article IV of the constitution, fixed by statute.

. "2. In the exercise of the power of the general assembly to confer jurisdiction on such courts, it is within the competency of that body to fix and determine the venue of civil actions. And so long as, by the exercise of that power, no party is deprived of any constitutional right, the courts will not interfere with the will of the general assembly as thus expressed.

"3. Section 33 of the act of May 11, 1908 (99 O. L., 538), entitled: 'An act to provide for the registration, identification and. regulation of motor vehicles,' which provides that actions for injury to person or property caused by the negligence of the owner of any automobile, may be brought by the party injured against such owner in the county where such injured party resides, and that summons may issue to the sheriff of any county within the state wherein the defendant resides, to be served as in other civil actions, is a constitutional and valid exercise of legislative power."

Upon a consideration of the above and other authorities, we are clearly of opinion that the trial court had authority under Section 12110 to issue its warrant for the arrest of plaintiff in error, and to serve such warrant upon the plaintiff in error in Summit county and bring plaintiff in error to Franklin county for trial on such warrant. We are also of opinion that the provisions of Section 12110 are constitutional and do not violate any of the rights of plaintiff in error.

We have considered all of the errors urged by counsel for plaintiff in error in their briefs, but, finding no error therein which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

ALLREAD and HORNBECK, JJ., concur.