### GAUSEPOHL, In Re

Ohio Appeals, 2nd Dist, Shelby Co

No 93. Decided July 31, 1935

L. M. Winget, Sidney, for plaintiff in error.

H. K. Forsyth, Sidney, for defendants in error.

## OPINION

By BARNES, PJ.

From the above it appears at once that this court has no jurisdiction to determine the cause for the reason that the petition in error was not filed within seventy days after the entry of judgment or final order complained of.

The time for filing petition in error is prescribed by §12270, GC. The pertinent portion of this section reads as follows:

"No proceedings to reverse, vacate or modify a judgment or a final order shall be commenced unless within seventy days after the entry of the judgment or final order complained of; * * *."

The Supreme Court has determined many, many times that the overruling cf a motion for new trial is not a final order.

Wells v Wells, 105 Oh St, 471;

Duncan v The State ex, 119 Oh St, 453-456-457;

· Voedker v Richards Company, 124 Oh St, 12;

Heigel v Heigel, 125 Oh St. 638;

Craig v Welpley, 104 Oh S⁴, 312.

· See also Ohio Jurisprudence, Volume 2 (Appeal and Error), §300.

Sec 11599 GC has modified this rule so far as it applies to jury cases. This section reads as follows:

"When a trial by **jury** has been had judgment must be entered by the clerk in conformity to the verdict, unless the verdict was special, or the court orders the case to be reserved for future argument or consideration immediately after the time for the filing of the motion for a new trial if it has not been filed. When a motion for new trial is filed, then such judgment shall be entered only when **the court has· sustained such verdict by overruling motion.** Such overruling shall be immediately entered.

The black face is ours.

In the case of **Craig v Whelpley, 104 Oh St, 312,** the Supreme Court announces that §11599, GC, is not to be applied so as to change the rule that under §12270, GC, the time within which proceedings to reverse, vacate or modify judgment shall be com-

menced, begins to run from the date of judgment sought to be reversed and not from the overruling of the motion for new trial.

In the case of **Voedker v Richards Company, 124 Oh St, page 12,** the Supreme Court gave application to §11599, GC, in an action at law where jury was waived and the cause tried to a court.

The fact that the question of jurisdiction was not raised by motion to dismiss naturally raises the inquiry as to whether or not the entry of the clerk and the filing of answer brief waives the question of jurisdiction. The Supreme Court of Ohio has very definitely decided that jurisdiction may not be waived in the case of **King v Penn, 43 Oh St, 57.** Syllabus 1 reads as follows:

"This court is without jurisdiction to hear and determine a proceeding in error which is not commenced within the time prescribed by statute after the rendition of the judgment complained of."

Syllabus 2:
"Parties to a proceeding in error can not, by private agreement or consent, nor by voluntary appearance (in the absence of facts which should estop them to deny the jurisdiction of the court), confer upon this court power to hear and determine such proceeding after the expiration of the time limited therefor."

Also the case of **Wells v Wells, 105 Oh St, 471,** syllabus 2:
"Parties to the action cannot by formal entry of appearance or by agreement extend the limitation of time provided in §12270, GC."

Syllabus 3:
"A motion for a new trial affects the time when the limitation begins to run only in those cases where the motion for a new trial prevents the entry of a judgment."

On this same subject see **Ohio Jurisprudence, Volume 2 (Appeal and Error), §298** and **§525,** and the notes thereunder.

The question has also been adjudicated that no plea or motion is necessary to raise the question of jurisdiction. The court sui sponte always looks to the question of jurisdiction. **Cleveland and Mahoning Valley Railway Company et v Wick, 35 Oh St, 247,** third syllabus:

"Whether a petition in error was filed in time or not is to be determined from the record; and no plea is required setting up

the lapse of time as a bar to the proceeding."

**The D. & I. Railroad Company v Wahl, 27 Oh Ap, page 9, Syllabus 4, (5 Abs 600),** also page 12 of the opinion.

Evidently in the instant case counsel was laboring under the impression that the seventy days for filing his petition in error dated from the judgment of the court overruling motion for new trial. This is a common error and we have previously had the question before us. In the unreported case of **Neth v Neth,** Montgomery County, opinion rendered May 2, 1935, (20 Abs 42), we dismissed the petition in error because not filed within seventy days after rendition of judgment, although within the seventy days after overruling the motion for new trial. We assembled the authorities and cited them in this Montgomery County case. The manuscript has been sent in for publication and probably will later appear in Ohio Bar.

We know of no reason why the Legislature, in §11599, GC, limited its modification of the former rule as construed by the courts to jury cases. In fact, we think it would be a very sane provision to make this section applicable to all causes where a motion for new trial is necessary in order to bring before a reviewing court the errors complained of. However, the court has no power to legislate; we must accept the law as we find it.

While not necessary or pertinent to the question here involved, we might make the voluntary explanation that the proper procedure where a motion for new trial is not determined within the seventy days after the entering of final judgment, is to file the petition in error and all the original papers, together with transcript of docket and journal entries, except the bill of exceptions, which necessarily can not be filed until after the motion for new trial is passed upon. If, perchance, the motion for new trial is sustained, the petition in error must necessarily be dismissed. However, if overruled, the losing party, under the provisions of §11564, GC, has forty days within which to file his bill of exceptions. §11572, GC, makes provision for filing of the bill of exceptions subsequent to the filing of the petition in error.

The case of **Kelly v Hermann, 23 C.C., N. S., 156,** involved this question, and therein the court held that the bill of exceptions, if filed in the Court of Common Pleas after the expiration of the seventy days, but within the time prescribed for preparing and filing, bill of exceptions, must then be

filed in the Court of Appeals on the same day.

In the case of **Porter v Rohrer, 95 Oh St, page 90,** the Supreme Court in a very interesting opinion discusses at length this question, although raised under a different state of facts. From the reasoning therein it may be concluded that the rule announced in Kelly v Hermann, supra, is modified. However, an abundance of caution would suggest that the announcement in Kelly v Hermann be accepted and followed until the determination of the question is more clearly announced in the Supreme Court.

Under the state of the record we have no alternative except to dismiss the petition in error, since we have no jurisdiction to hear the cause. As heretofore stated, the lack of jurisdiction is due to the failure to file the petition in error within seventy days after the rendition of the judgment and final order.

Exceptions may be allowed.

HORNBECK, J, concurs.

BODEY, J, while serving as a judge of the Common Pleas Court, heard and determined the case in the court below and therefore does not participate in this hearing.