## MOSS v STATE ex WARNER

Ohio Appeals, 2nd Dist, Franklin Co

No 2622.   Decided Feb 10, 1936

D. B. Sharp, Columbus, for plaintiff in error.

John W. Bricker, Attorney General, Columbus. and Paul L. Selby, Special Counsel, Columbus, for defendant in error.

## OPINION
### By THE COURT

The above entitled cause is now being determined on motion of defendant in error to dismiss petition in error on the ground that same was not filed within the statutory limit.

An inspection of the record discloses that the action below was an action for money only. While a jury case it was tried to the court. The finding was for defendant in error and against plaintiff in error. Such finding was made by the trial court on August 12, 1935, and simultaneously therewith judgment was entered and journalized. Defendant below, Vernon W. Moss, filed motion for new trial August 15th, and the same was overruled on same day. No entry of personal judgment against the defendant Vernon W. Moss was entered following the overruling of the motion for new trial. §11599, GC, reads as follows:

"Sec 11599, GC. When a trial by jury has been had judgment must be entered by the clerk in conformity to the verdict unless the verdict is special, or the court orders the case to be reserved for further argument or consideration immediately after the time for the filing of a motion for new trial if it has not been filed. When a motion for new trial is filed then such judgment shall be. entered only when the court has sustained such verdict by overruling the motion. Upon such overruling it shall immediately be entered."

The Supreme Court of Ohio in the case of Baedker v Warren E. Richards, 125 Oh St, 12, holds that in a jury case where same is tried to the court without intervention of jury the finding of the court

is the equivalent of a verdict. We have had this question before us on several occasions, and in the case of **Neth v Neth**, Montgomery County, December 28, 1936, **20 Abs 42**, will be found our conclusions which are applicable in the instant case. In this Neth case we have sought to collect the various decisions and also call attention to the language of the Code as it read at the date of the several decisions.

The conclusion is irresistible in the instant case that the pretended judgment is premature and therefore is not a judgment. Judgment may yet be entered since the motion for new trial has been overruled. Until such time there is no final order from which error can be prosecuted. The Ohio decisions have universally held that the overruling of a motion for a new trial is not a final order. Under the state of the record we have no jurisdiction other than to dismiss.

Counsel for plaintiff in error in his memoranda makes the requst that we make a judicial determination that the judgment of the court below was premature and therefore void. This we have no power to do. We can go no farther than to make the announcement in our opinion that we base our conclusion of want of jurisdiction on the fact that no final judgment is disclosed from the transcript of docket and journal entries. Our order will be that the petition in error will be dismissed for want of jurisdiction.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.