## BORST v BORST

Ohio Appeals, 2nd Dist, Franklin Co

No 2581. Decided April 4, 1936

Isadore Margulis, Columbus, for plaintiff in error.

Grover C. Brown, Columbus, and Martin W. Buffington, Columbus, for defendant in error.

## OPINION

### By THE COURT

The above entitled cause is presented in this court as an error proceeding from the judgment of the Court of Common Pleas, Domestic Relations, of Franklin County, Ohio.

The final order from which error might be prosecuted was journalized on March 5, 1935. The petition in error was filed in this court on July 26, 1935, and it thereby appears that more than seventy days had elapsed between the final order and the filing of the petition in error.

It follows that this court has no jurisdiction to hear or determine the cause.

Counsel for plaintiff in error evidently had in mind that the final order from which he was prosecuting error was the entry overruling the motion for new trial. The Supreme Court has declared in a great number of cases that the overruling of motion for new trial is not a final order.

This identical question has been presented to us so frequently that we can properly say that many lawyers in the district have fallen into the error of assuming that the overruling of motion for new trial is a final order. We have analyzed the question in two cases, same being reported in the Ohio Bar Association Report under date of March 9, 1936. The first case, at page 261, is **In Re Guardianship of Gausepohl,** (20 **Abs** 39), and the second **Neth, Executor v Neth et,** page 267 (20 **Abs** 42). We have gone into the question so fully in these two cases that it will serve no useful purpose to further discuss the principle of law involved. Not having jurisdiction to hear

the case, we have no alternative except to dismiss the petition.

Exceptions will be allowed to the plaintiff in error.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.