### RABOLD v RABOLD

Ohio Appeals, 2nd Dist, Montgomery Co

No 1381.   Decided Oct 27, 1936

W. S. Rhotehamel, Dayton, Doan & Bavin, for plaintiff in error.

Shawan & Brown, Lebanon, and C. H. Supinger, Dayton, for defendant in error.

## OPINION

### By THE COURT

The above entitled cause is now being determined on motion of defendant in error to strike the petition of plaintiff in error from the files and dismiss the proceedings in error upon two grounds:

(1)   That the plaintiff in error failed to file his motion for new trial in the Common Pleas Court within the statutory period and

(2)   For failure to file his petition in error in this court within the time prescribed by statute.

The action was one for divorce and alimony. According to the transcript of docket and journal entries the final decree granting plaintiff below divorce was filed November 27, 1935. §12270 GC as then in effect provided that petition in error must be filed within 70 days following the rendition of judgment and final order.

It is at once apparent that the petition in error was not filed within the time prescribed under the law.

It may be that counsel for defendant had in mind that the final order was the overruling of the motion for new trial. If the overruling of motion for a new trial was a final order, then the filing of petition in error would have been within time.

We have had this question before us a number of times and about a year ago made a very thorough research in our effort to reconcile the Ohio decisions. We found no conflict in the decisions whatever,

but what might seem to be conflicts were readily shown not to be when considered in the light of the existing facts and statutes.

In Re Gausepohl, 51 Oh Ap, 261, (20 Abs 39).

Neth v Neth, 51 Oh Ap, 267, (20 Abs 42).

The following are the leading cases:

Dowty v Pepple et, 58 Oh St 395.

Craig et v Welply et, 104 Oh St. 312.

Under the state of the record, the petition in error must be dismissed at costs of plaintiff in error.

Exceptions will be allowed.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.

## MOTION TO DISMISS APPEAL

Decided Oct 27, 1936

By THE COURT

Counsel for defendant filed motion to dismiss the appeal in the above entitled cause for the claimed reason that the action is not appealable.

The original action was one for divorce and alimony. The bond in the effort to perfect appeal was filed December 12, 1935. This discloses that the claimed final order was prior to the effective date of the new procedural act. It has been definitely determined in this state that appeal does not lie from a judgment and final order in an action for divorce and alimony. The case of Reibel v Reibel, 15 Abs, 254, is cited and supports defendant's contention.

The appeal will be dismissed.

Exceptions will be allowed.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.