KNOX, APPELLEE, *v.* COVRETT, APPELLANT.

(No. 247—Decided May 2, 1949.)

*Mr. J. D. Guernsey,* for appellee.
*Mr. John Bender,* for appellant.

CONN, J. This action was begun in the Juvenile Court of Ottawa County upon the filing of a complaint against the defendant, Charles J. Covrett, wherein he was charged by Augusta L. Knox as being the father of her child born March 30, 1947.

On August 8, 1947, a warrant was issued out of such court to the sheriff of Ottawa county for the arrest of the defendant and on August 9, 1947, the sheriff returned the writ unexecuted, he "being unable to find the defendant."

On the day of the sheriff's return "a complete transcript of all the docket entries of the proceedings of said court" was filed in the Common Pleas Court and on that day plaintiff also filed her petition together with transcript of the proceedings in the Juvenile Court in which she alleged that the defendant was the father of her child, and that he has wholly failed and refused to provide for her support and the support of the child and prayed for a judgment of $900.

On August 9, 1947, an affidavit for attachment was filed, an order of attachment issued to the sheriff of Ottawa county and a levy made on certain real estate of the defendant, located in that county.

On October 13, 1947, the defendant filed his motion to discharge the attachment, the material grounds alleged being that the order of attachment was not issued pursuant to law in that the proceedings purported to be founded upon Section 12129, General Code, which authorizes attachment when a transcript of bastardy proceedings before a justice of the peace is filed in the Common Pleas Court; that if plaintiff elects to pro-

ceed in the Juvenile Court, that court shall have jurisdiction to fully hear and determine the matter as provided in Section 12115, General Code; and that there is no authority in law to take a case from the Juvenile Court to the Common Pleas Court.

From a judgment overruling the motion to discharge the attachment, defendant appeals on questions of law.

The appeal is grounded on three assignments of error:

1. That the court had no jurisdiction of the subject matter and should have sustained the motion.

2. That the judgment overruling defendant's motion was contrary to law.

3. That the judgment was against the manifest weight of the evidence.

As no bill of exceptions was filed, the issue raised on the third assignment of error cannot be considered on the record before us and therefore is not sustained. The remaining assignments of error will be considered together.

The procedure in bastardy cases is set out in Sections 12110 to 12134, inclusive, General Code. The issues before us on this appeal are procedural in character and can be determined by the relevant or pertinent sections of the bastardy act.

In 1923 the bastardy act was amended (110 Ohio Laws, 296) and the purpose of bastardy proceedings materially changed. Under the amended act the proceedings are for the benefit of the mother of the child. *Pummell* v. *State, ex rel. Hill*, 22 Ohio App., 340, 154 N. E., 745.

Section 12123, General Code, was further amended in 1938 (117 Ohio Laws, 806, 808), provision being made for, among other things, the support of the child until 18 years of age.

The defendant contends that the attachment pro-

ceedings were void and that the Common Pleas Court did not acquire jurisdiction in the instant case by the filing therein of a transcript of the proceedings had in the Juvenile Court, as there is no provision in the bastardy act authorizing such procedure.

We first call attention to the pertinent provisions of Section 12115, General Code, which are as follows:

"If no such compromise is effected, and the complaint has been filed in the Juvenile Court, the judge thereof shall fix the time of the trial and in such cases the Juvenile Court shall have jurisdiction to hear fully and determine such matter * * *. If the complaint has been filed before a justice of the peace, the justice before whom the complaint was made shall bind the accused to appear before the Juvenile Court or at the next term of the Common Pleas Court * * *."

Under the provisions of this section, the complaint may be filed and the proceedings instituted in the Juvenile Court or before the justice of the peace. The alternative remedies thus provided for are given recognition in the preceding sections of the act, to wit, Sections 12110 to 12114, inclusive, General Code, by the phrase, "judge or justice," or, "justice or judge."

There is a further alternative provision in Section 12115, General Code, that, where the complaint is filed before a justice of the peace, such justice shall bind the accused to appear before the Juvenile Court or before the Common Pleas Court.

It does not appear that further alternative jurisdictional procedure is provided for by the statute. Furthermore, the express provision of Section 12115, that if the complaint is filed in the Juvenile Court that "court shall have jurisdiction to hear fully and determine such matter," is a clear expression of legislative intent and purpose. We call attention to the provisions of the Juvenile Court Code, and particularly to Sec-

tion 1639-16 (a) 3, General Code, which is as follows:

"(a) The court shall have exclusive original jurisdiction under this chapter or under other provisions of the General Code: * * *

"3. To determine the paternity of any child alleged to have been born out of wedlock and to provide for the support of such child, subject to the concurring jurisdiction of other courts as provided by law."

In the application of the provisions of a statute, it is the invariable rule of the courts to give effect to the intent and purpose of the legislature. Where this intent and purpose is clearly expressed in the statute, the courts do not have the power to amplify the legislative provision by adopting rules of interpretation or by giving the statute a meaning contrary to its express provisions.

It is the opinion of this court that the Court of Common Pleas did not have jurisdiction of the parties or the subject matter of the action, and that the order of attachment was void and of no force or effect and should have been discharged. The judgment is reversed and the cause remanded to the Juvenile Court for further proceedings.

*Judgment reversed and cause remanded.*

CARPENTER and FESS, JJ., concur.