The State, ex rel. Wonderland, Appellant, *v.* Shuba, Appellee.

(No. 4565—Decided December 3, 1951.)

*Messrs. Zachman, Boxell, Bebout & Torbet,* for appellant.

*Mr. Harry B. Kirtland,* for appellee.

Conn, J. This is an appeal on questions of law by the complainant in a bastardy proceeding from a judgment of the Domestic Relations Division, Juvenile Branch, of the Court of Common Pleas.

The complaint, filed June 3, 1950, charged the accused with being the father of complainant's child, to which charge the accused plead not guilty.

At the opening of the trial, the accused presented to the court his written waiver of trial by jury. Over the objection of complainant the case was tried by the court without a jury and the accused was found not guilty.

Complainant appealed from the judgment of the trial court, and assigns as error the determination of the issue of accused's guilt under her complaint by the court without a jury and over the objection of the complainant.

The complaint in this case was filed, and subsequent proceedings had, pursuant to those provisions of Division VIII of Title IV, Part Third of the Code, denominated Quasi-Criminal Actions and found in Chapter 2, Bastardy, being Sections 12110 to 12135, inclusive, General Code (now Sections 8006-1 to 8006-24, General Code).

While the codifying commission classified the statutes relative to prosecutions in bastardy as "quasi-criminal," and in some respects they partake of such character, the courts of this state have uniformly applied to such prosecutions appropriate sections of the Code of Civil Procedure. The reason for this, as expressed in the opinions of the reported cases, is that the underlying purpose of the statutes is not to punish the putative father, but to require him to meet his moral duty and obligation to contribute to the support of his illegitimate child and relieve the public of that burden.

Prior to the amendment of the Bastardy Act in 1923 (110 Ohio Laws, 296), a settlement and compromise under the provisions of Section 12114, General Code, was a bar to a prosecution subsequently commenced under Section 13008, General Code, a part of the Criminal Code. *McKelvy* v. *State*, 87 Ohio St., 1, 99 N. E., 1076. Under the terms of the proviso added to that section by the amendment, this bar was removed.

Section 12123, General Code (117 Ohio Laws, 808), contained specific provisions for the order or judgment of the court when the accused was adjudged to be the father of the illegitimate child. It expressly provided that "the court shall thereupon adjudge that he pay to the complainant such sum as the court may find to be necessary for her support, maintenance and necessary expenses, caused by pregnancy and childbirth together with costs of prosecution, and a reasonable weekly sum to be paid complainant for support and maintenance of said child up to eighteen years of age."

The several amendments to the statutes during recent years relating to bastardy proceedings (110 Ohio Laws, 296; 117 Ohio Laws, 806; and 119 Ohio Laws, 731) express an intention on the part of the Legislature to protect and extend the civil rights of the mother and her bastard child. This is accomplished, not by way of punishment of the putative father, but in compelling him to meet his moral and legal duty to the mother by making provision "for her support, maintenance and necessary expenses" and a further sum to be paid her "for support and maintenance of said child."

Among the authorities holding that the intrinsic character of a bastardy proceeding is civil rather than criminal, we cite the following: *State, ex rel. Merrill,* v. *Moore,* 83 Ohio App., 525, 82 N. E. (2d), 323; *State, ex rel. Pennington,* v. *Barger,* 74 Ohio App., 58, 57 N. E. (2d), 815; *State, ex rel. Gill,* v. *Volz,* 156 Ohio St., 60, 100 N. E. (2d), 203; *Duncan* v. *State, ex rel. Williams,* 119 Ohio St., 453, 164 N. E., 527; 5 Ohio Jurisprudence, 543, Section 5.

In the recent case of *State, ex rel. Gill,* v. *Volz, supra,* it was contended by the accused that "a bastardy proceeding may not qualify as a civil action in which a verdict may be rendered upon concurrence of

only three-fourths or more of the members of the jury." The court did not adopt the contention, but on the contrary held that a bastardy proceeding "is essentially a civil action," and that, pursuant to Section 11420-9, General Code, the jury may return a verdict when three-fourths or more of its members concur.

A jury may be waived in an action arising on a contract, under the provisions of Section 11421-1, General Code (a part of the act known as "The Jury Code"), when both parties consent, and in other actions with the assent of the court. There is no authority under that section for a trial by the court on the waiver of one party and over the objection of the other.

It appears from the brief of appellant that the trial court in accepting the accused's waiver of a trial by jury may have applied Section 1639-44, General Code. This section provides:

"Any adult arrested under the provisions of this chapter, at any time before hearing, may demand a trial by jury, or the judge upon his own motion may call a jury. The statutes relating to the drawing and impaneling of jurors in criminal cases in the Court of Common Pleas, other than in capital cases, shall apply to such jury trial. The compensation of jurors and costs of the clerk and sheriff shall be taxed and paid as in criminal cases in the Court of Common Pleas."

However, the accused was arrested, and the subsequent proceedings had, pursuant to the provisions of the Bastardy Act. The rights of defendants prescribed in the above section are expressly limited to the "provisions of this chapter" and may not be extended to proceedings in bastardy.

Under the authorities, it appears to be settled in this state that the trial of actions in bastardy are

governed by the Code of Civil Procedure, so far as applicable, and that complainant had the right under the Constitution of this state to have the issue raised on her complaint tried by a jury. It follows that the denial of this right was error and prejudicial to complainant.

*Judgment reversed.*

Fess and Savord, JJ., concur.