ELLEN A. CONEFY *vs.* DANIEL H. HOLLAND.

Middlesex.    January 23, 1900. — March 2, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Bastardy Process — Continuance — Motion to Dismiss after Filing of
Appearance — Infant — Next Friend.*

As complaints under the bastardy act, Pub. Sts. c. 85, are now civil suits, the pro-
visions of Pub. Sts. c. 212, § 26, as to adjournment of trials in criminal cases,
do not apply to them, and there seems to be no good reason why they may not
be continued as other civil causes.

If, in a bastardy case, a supplemental complaint is filed in the Superior Court, it is
too late, after a general appearance for the defendant in that court, to object
either to irregularities in the lower court or to the jurisdiction of that court.

It is no defence to a complaint under the bastardy act that the plaintiff, who is a
minor, has brought the proceedings in her own name and not by her next
friend.

COMPLAINT under the bastardy act, Pub. Sts. c. 85, by a minor
sixteen years of age.

At the trial in the Superior Court before *Blodgett*, J., it
appeared that in the Fourth District Court of Eastern Middlesex
the action was assigned for hearing on November 15, 1897, at
which time neither party appearing, it was continued *nisi*, and
that on February 17, 1898, it was marked for trial on February
26, 1898, on which day the respondent filed the following motion
to dismiss. " First.  For the reason that it is improperly marked
and assigned for trial here to-day in that on some date after
November 15, 1897, said case was continued *nisi*, whereupon
said action became discontinued.   Second.  For the reason that
the complainant is a minor and has brought the proceedings in
said case in her own name and not by her next friend."   The
motion was overruled and the defendant was ordered to give
sureties for his appearance in the Superior Court.   At the trial
in that court after said facts appeared, the motion was renewed.
The judge overruled the motion ; and the defendant alleged
exceptions.

*J. P. Feeney*, for the defendant.

*J. L. Powers*, for the plaintiff.

BARKER, J. The first reason alleged in the motion to dismiss, that the complaint in the District Court was at some time continued *nisi* by that court, is not argued by the defendant. As complaints under the bastardy act Pub. Sts. c. 85, are now civil suits, the provisions of Pub. Sts. c. 212, § 26, as to adjournment of trials in criminal cases do not apply to them, and there seems to be no good reason why they may not be continued as other civil causes. The action was entered in the Superior Court and the supplementary complaint filed on October 12, 1898. The bill of exceptions shows that the motion to dismiss in the Superior Court was not filed until some time during the jury trial, in September, 1899, which must be taken to have been after a general appearance for the defendant in that court. When the motion was filed it was too late to object either to irregularities in the lower court, or to the jurisdiction of that court. *Prince* v. *Gundaway,* 157 Mass. 417, and cases cited. This distinguishes the case from *Commonwealth* v. *Maloney,* 145 Mass. 205.

The other ground of the motion to dismiss is that the plaintiff, who is a minor, has brought the proceedings in her own name and not by her next friend. The sole instance in which such proceedings seem by our reports to have been brought by a next friend is the case of *Sayles* v. *Fanning,* 13 Gray, 538. In *McCall* v. *Parker,* 13 Met. 372, the original complaint was brought by a minor herself, and the supplemental complaint made after the birth of the child was made by herself and by her next friend. It was argued for the defendants, in an action upon the bond, that the plaintiff should have proceeded by her guardian or next friend, and not in her own name only. This contention is not specifically treated in the decision, which held that the bond could not be defended against as given under duress. This case is the only one in our reports in which the question whether a minor complainant in such a proceeding should prosecute it by her next friend or guardian has been suggested, although, as in *Davis* v. *Carpenter,* 172 Mass. 167, it not infrequently appears that the complainant is a minor.

Under our present statute it is not necessary that the husband of the mother shall join with her in the complaint. *Sullivan* v. *Kelly,* 3 Allen, 148. No indorsement of the process is required

in case the complainant removes from the Commonwealth. *Woodman* v. *Jarvis*, 12 Gray, 190.

The proceeding is an anomalous one created and governed by statute. It was no doubt contemplated by the Legislature that in cases arising under the statute complainants as well as defendants might be minors. Minor defendants are given no express authority to execute the bond which the proceedings may require a defendant to give, but it is settled that they can give the bond although minors. *McCall* v. *Parker*, 13 Met. 372, 381. The woman herself is by the statute to make the complaint, and if she neglects or refuses so to do, and only in that case, is it to be made by one of her parents or by her guardian, or by some one of certain designated officials. Pub. Sts. c. 85, §§ 1, 2. The situation is such that the law may well authorize a minor to make and prosecute the complaint herself, without the necessity of finding some one to be responsible as her next friend, and in our opinion such was the intention of the Legislature. If a next friend were required, he would naturally have control of the action. The provisions concerning the withdrawal, dismissal, and settlement of the proceedings make no mention of a next friend, while, if it were necessary that the complaint should be prosecuted by one, the statute would not omit to mention him and define his powers. See Pub. Sts. c. 85, §§ 17–19.                    *Exceptions overruled.*