ELSIE CORCORAN *vs.* PATRICK H. HIGGINS.

Suffolk.   January 18, 1907. — February 27, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Jurisdiction. Practice, Civil,* Verdict, New trial, Writ of review. *Bastardy.*

An objection of substance to the jurisdiction of the court before which a case is being tried can be taken at any stage of the proceedings.

If a judge sets aside a verdict and grants a new trial when he has no jurisdiction to do so, and the person in whose favor the verdict was rendered does not take any exception to the allowance of the motion for a new trial or to the order granting it, this does not preclude him from raising at the new trial the question of the court's jurisdiction to set aside the verdict.

Prosecutions under R. L. c. 82, known as the bastardy act, are in the nature of civil proceedings.

In a prosecution under R. L. c. 82, known as the bastardy act, the Superior Court has the power to set aside a verdict of not guilty and order a new trial.

The provision in § 15 of R. L. c. 82, known as the bastardy act, after providing that upon the trial of the complaint the issue to the jury shall be whether the defendant is guilty or not guilty, that "If the jury find him not guilty, the court shall order him to be discharged," and that "the verdict in either case shall be final," first was enacted in St. 1785, c. 66, § 2, when under a statute long since repealed the parties in civil actions and the defendant in criminal cases had a right to a second trial upon the facts if they were dissatisfied with the verdict, and never was intended to take away the power of the presiding judge to set aside a verdict and grant a new trial in bastardy proceedings. Whether the statutory provisions in regard to petitions for writs of review apply to such proceedings, *quaere.*

MORTON, J.   This is a bastardy complaint.   The case has been tried three times in the Superior Court.   At the first trial

there was a verdict of "not guilty." On motion of the complainant this was set aside. No exception was taken by the defendant to the allowance of the motion or to the order granting a new trial. At the second trial there was a disagreement. Before the jury were empanelled the defendant moved that he be discharged on the ground that he already had been found "not guilty." The motion was denied and the defendant duly excepted. At the third trial there was a verdict of "guilty." Before the jury were empanelled the defendant made the same motion which he had made at the second trial. The motion was denied and the defendant duly excepted. The case is here on the exceptions thus taken.

It is plain that if the judge had no jurisdiction to set aside the verdict and to try the defendant again after a verdict of "not guilty" had once been rendered, then the fact that the defendant did not except to the allowance of the motion or to the order granting a new trial is immaterial. The question of the court's jurisdiction could be raised as it was in the subsequent proceedings. *Cheshire* v. *Adams & Cheshire Reservoir Co.* 119 Mass. 356. *Custy* v. *Lowell,* 117 Mass. 78. *Riley* v. *Lowell,* 117 Mass. 76. *Elder* v. *Dwight Manuf. Co.* 4 Gray, 201.

Whatever doubts may have once prevailed, it is now settled both by statute and judicial decision that proceedings under the bastardy act are in the nature of civil proceedings. R. L. c. 82, § 22. *Conefy* v. *Holland,* 175 Mass. 469. *Barnes* v. *Ryan,* 174 Mass. 117. *Davis* v. *Carpenter,* 172 Mass. 167, 175. The action of the court in setting aside the verdict cannot be objected to, therefore, on the ground that the proceedings are criminal proceedings.

The defendant contends, however, that the statute makes the verdict in his favor final. The provisions of the statute on which he relies are found in the concluding sentences of § 15 of R. L. c. 82, and are as follows: " If the jury find him not guilty, the court shall order him to be discharged. The verdict in either case shall be final." The section begins by providing that on the trial of the complaint the issue shall be whether the defendant is guilty or not guilty, and then goes on to say what shall be done if the verdict is guilty or there is a default, concluding as above. The provision in question is first found in St. 1785, c. 66,

§ 2. It has come down to the present time by successive re-enactments in substantially the same words. Rev. Sts. c. 49, § 4. Gen. Sts. c. 72, § 7. Pub. Sts. c. 85, § 15. R. L. c. 82, § 15. It is plain, it seems to us, that the object and effect of the provision as originally enacted was to take away from parties in bastardy proceedings the right of appeal and review which parties in civil actions, and the defendant in criminal cases, had at the time when the provision was first enacted, and which gave them a right to a second trial upon the facts in case they were dissatisfied with the verdict which had been rendered, and to provide, for obvious reasons, that a verdict fairly rendered in accordance with correct rules of law should, in such proceedings, be final. Prov. St. 1701–2, c. 6 ; 1 Prov. Laws (State ed.) 466. Prov. St. 1720–1, c. 11 ; 2 Prov. Laws (State ed.) 186. Prov. St. 1751–2, c. 13 ; 3 Prov. Laws (State ed.) 597. Prov. St. 1753–4, c. 42 ; 3 Prov. Laws (State ed.) 738. Prov. St. 1756–7, c. 28 ; 3 Prov. Laws (State ed.) 1030. St. 1786, c. 66. The statute giving parties a right to a second trial was repealed by St. 1817, c. 85, but the provision in the bastardy act was continued in subsequent revisions after the conditions which gave rise to it had long ceased to exist. We have been referred to no case in which during the long time that it has been upon the statute book the construction contended for by the defendant has been adopted or even suggested. This is, of itself, an argument, though not a conclusive one, against its soundness. Moreover, the consequences of such a construction are against it unless it is unavoidable, which we do not think is the case. Whether the statutory provisions in regard to petitions and writs of review * apply to bastardy proceedings is a question which it is not necessary now to consider, the only question before us being whether the court properly could set aside the verdict of not guilty which was rendered at the first trial. For the reasons given above we are of opinion that it could. It follows that the exceptions must be overruled.

*So. ordered.*

*J. F. O'Connell,* for the defendant.

*A. D. Hill,* (*H. R. Brigham* with him,) for the complainant, were not called upon.

---

* R. L. c. 193, §§ 21–37.