SCHNEIDER *v.* THE STATE, EX REL. SHORF.

(Decided October 7, 1929.)

Messrs. *Allen & Gale,* for plaintiff in error.
Messrs. *Dowling & Dowling,* for defendant in error.

VICKERY, P. J. This action came into this court upon a petition in error to the common pleas court of Cuyahoga county to reverse a judgment of conviction and the assessment of a certain amount of money against the plaintiff in error, who was defendant below, in which proceeding he was charged with bastardy; that is, of being the putative father of the child of the complainant.

There are at least three several grounds of error urged, or at least alleged, why this judgment is erroneous and should be reversed. One was the erroneous assessment, or the assessment of an erroneous amount, against the defendant below. The second was that the verdict of the jury was only by three-fourths of the jury, whereas, it is claimed, it should have been unanimous. And the third was that the defendant was called to the witness stand by the complainant, and, over his objections, compelled by the court to testify against himself.

We will take these errors up in the order in which we have stated them. First, it is admitted by counsel for the defendant in error that the assessment of $150 for attorney's fees was without any warrant in law, and, therefore, to that extent the judgment was erroneous. The rest of the amount that the court assessed against the defendant below seems to be in keeping with the law and the statute, and, if this were the only error that was complained

of, it could be easily rectified by ordering a modification of the judgment; so the first error alleged is not in itself sufficient to reverse this judgment, because, as already stated, the judgment could be modified by this court to conform with the law.

Passing now to the second ground of error, which raises a more difficult question, and that is: In a bastardy proceeding can a verdict of three-fourths of the jury be returned, or is it such a criminal proceeding that there must be a unanimous verdict of the jury, and must the defendant be proven guilty *beyond a reasonable doubt?* Upon this proposition we have some well-defined notions that the proceedings are what are called *quasi* criminal. The action is prosecuted for the benefit of the putative mother, for her care, maintenance, and so forth, and the benefit of the judgment is to her. I think that the method of procedure in civil cases prevails as to the method of the trial, or, rather, I should say, the method in which the jury arrives at its verdict. We think the case is so far civil that the rules pertaining to ordinary jury cases, civil cases, prevail, and where a verdict of three-fourths is allowed, in any civil case, it is allowed in this; nor do we think it is necessary that the evidence prove beyond a reasonable doubt that the defendant is the father of the child, but that if a preponderance of the evidence prevails it is sufficient.

In this connection it might be well to say, so as to distinguish it from a criminal case, that in case the defendant were acquitted, that is, found not guilty, there is nothing in the law which would prevent the complainant from making a motion for a new trial on any grounds upon which such motions might be

made in civil cases, and that, if the court granted the motion, the defendant might be tried again, and he could not plead former jeopardy. In other words, unlike the ordinary criminal case, in which, if the defendant is acquitted, no matter how erroneous the finding of the jury may be, or the rulings of the judge, no action that the judge would take or that the reviewing court would take would re-establish that case against the acquitted defendant. He is acquitted for all time.

We do not think that is the rule in respect to a bastardy case, but that in this respect it partakes of the nature of the ordinary civil case, and if the court should grant a new trial, and the complainant could obtain additional evidence, there is no reason why the case should not be retried, and in such retrial the defendant might be found guilty even though at the previous trial he had been found not guilty. Therefore, we think that the second contention of error is not sustainable.

We come now to the third and the last and the most important of the assignments of error, which we think is sufficient upon which to determine this case, and that is that the defendant below was called by the counsel for the complainant, and, over his objection, was compelled to testify against himself. An exception was taken to the ruling of the court, and error is predicated upon that ruling. Now we think that this was such an erroneous ruling of the court that we must reverse the case and remand it to the common pleas court for a new trial.

I have already said that a bastardy proceeding is a *quasi* criminal proceeding. In many respects it is more criminal than civil in that the start of the pro-

ceedings is by filing an affidavit or complaint with a magistrate and having a warrant issued, and the officer holding that warrant can proceed at least to the limits of the state to arrest the accused, and when arrested he can bring the accused to jail in the proper locality, and can put him in jail, there to remain until he is released on bond. So the initiation of these proceedings is in a measure criminal. The accused is thereafter brought before the examining magistrate, and the testimony of the mother is taken, and that is reduced to writing. The defendant may cross-examine, but can introduce no testimony on his own behalf, and, if the complaining witness gives the proper testimony contemplated by the statute, the justice or the examining magistrate has nothing to do but to hold the accused to the common pleas court; and the papers and files in the case are certified to the common pleas court, and, unless accused gives bail, he is sent to jail. When the case is reached in the common pleas court it is triable to a jury, and, after the jury is duly impaneled and sworn, the examination before the magistrate takes place, and other evidence is introduced. The proceedings are civil in their nature. When the plaintiff has rested her case the defendant then can introduce any evidence that he deems proper and pertinent to the issue. Now, while the proceeding in a measure is civil, the effect of the judgment is such that it partakes of its criminal nature again. The verdict of the jury is either guilty or not guilty, and upon this verdict the court may assess what might be regarded as damages against the defendant, being confined to the statutory regulations in that respect, and if the defendant neglects or re-

fuses to pay the amount thus fixed by the court, he may be sent to jail until he pays the amount, or is otherwise discharged by taking advantage of the insolvency debtor's act or other legal process.

Now it is easy to distinguish this from the ordinary civil case. In an ordinary civil case the court can render a judgment, but he cannot send the defendant to jail if the judgment is not paid; so it can at once be seen that a bastardy proceeding partakes not only of the nature of a criminal action, but of a civil action as well. Now so careful have the courts been of the right of an individual who is charged with an offense, that he shall not be compelled to testify against himself, that it has long been recognized in Ohio that no defendant who was charged in a bastardy proceeding was ever called upon against his wishes to testify, that is, compelled, over his objection, to testify at the instance of the complainant.

We do not find, upon making a rather thorough search, that there is anywhere in Ohio a case where a man has been compelled to testify against himself under such proceedings.

It was argued that, it being a civil case, the civil statute applies, and an example was given that, where a person was sued in a negligence case, an automobile accident, he might be called upon to testify, even though he might subsequently be arrested for manslaughter and tried for manslaughter. We do not think that this is an analogous case. Of course, under the general statute, he being a defendant, if sued in a negligence case, as in any other case, could be compelled by the plaintiff to testify, but if he were asked questions, the answers to which might lay the foundation for a charge upon which

the state might indict him and try him for manslaughter, he might refuse to answer such questions on the ground that the answers might tend to incriminate him. But he would be a proper witness even against his wishes in such a negligence case, and he could only claim the benefit of a privilege when the questions would tend to bring him in jeopardy of criminal prosecution.

There are a great many cases in Ohio where the courts have held that in a *quasi* criminal action it was error to compel the defendant to testify over his objection—none perhaps being a case like the instant case, for it seems to have been admitted from the beginning of the practice in Ohio that the proceedings in a bastardy case are so far criminal that no one would attempt to make the defendant testify against himself.

It is analogous to a contempt case. Of course, there are certain matters of contempt that take place in the presence of the court where the court might ask the party to show cause why he was not guilty of contempt, and those are cases where a summary action of the court could be taken; but where the contempt charged has not taken place in the presence of the court, and it is necessary to file a written complaint of the contempt against the party committing it, it would be erroneous for the court to compel the defendant to take the stand over his or her objection, and to convict him of contempt upon his own testimony.

There are many cases of that character in Ohio and elsewhere, and the courts have always held that such proceedings, although not strictly criminal, are in the nature of a criminal prosecution, and that the

court cannot compel the party to testify against himself. It is contrary to the spirit of our institutions. It is contrary to the constitutional right that men or women have—that they cannot be compelled to give testimony against themselves. It makes no difference what the party's testimony is or might be. It is a violation of his fundamental constitutional right to compel him to testify. In this case it is admitted that the defendant was called to the witness stand by the complainant, and was placed upon the stand over his objection, and was compelled to answer the questions that were propounded to him by the attorney for the complainant, and that an exception was taken, and we think that such proceedings were clearly illegal, not warranted in law, and that the verdict rendered under such circumstances should have been set aside, for the ruling of the court was erroneous. The error was so prejudicial to the defendant below that we can do nothing but reverse the judgment.

The judgment will therefore be reversed and the cause remanded to the common pleas court.

*Judgment reversed and cause remanded.*

Sullivan and Levine, JJ., concur