## DURST v GRIFFITH

Ohio Appeals, 4th Dist, Hocking Co

Decided May 24, 1932

Edwin D. Ricketts, Logan, for plaintiff in error.

Eugene Wright, Logan, for defendant in error.

MAUCK, PJ.

It is strongly urged that the judgment is contrary to the weight of the evidence. The most that we can say in that behalf is that the case was a close one, and under the rule that prevents our substituting our own for the judgment of the jury we find ourselves unable to disturb the verdict and judgment upon that ground.

There are other novel and important questions raised by the record. The defendant in the case was under sixteen years of age. The complainant was seventeen.

It is argued that the justice of the peace in the first instance, and finally the Court of Common Pleas, was without jurisdiction in the premises by virtue of the provisions of §1659 GC. That section provides that when a minor under the age of eighteen years is arrested instead of being taken before a justice of the peace or police judge he shall be taken directly before a juvenile judge, or if taken before a justice of the peace such justice shall transfer the case to the juvenile court. It is urged that this section applies because the minor was under the age prescribed by the section referred to and that he was arrested, before a justice of the peace and the case was not transferred to the juvenile court.

The exact term by which an action in bastardy should be characterized in this state has always been somewhat puzzling. Without reviewing the well known authorities it is sufficient to say that since a verdict may be returned upon a preponderance of the evidence and by a three-fourths verdict the proceeding is essentially of a civil nature. It has some times been called quasi criminal, but that is because it is instituted by a sworn complaint and jurisdiction of the defendant's person is obtained by warrant and issue joined by a plea of not guilty, as in a criminal case. This proceeding is criminal only in the form of some of its procedure. §1659 GC is not by its terms limited to criminal proceedings. It first appeared in the statutes in the first juvenile court code enacted in this state. The purpose of the juvenile court statutes was not to effect a change in civil procedure but in criminal procedure.

"The essential features of these statutes is the creation of a special court, the procedure of which is less formal and more paternal than that of the regular criminal courts, and in which the child is protected from publicity and from association with adult criminals."

14 R. C. L. 277.

Elsewhere the object of juvenile court laws is thus stated:

"While at common law an infant who had violated the criminal law was generally treated as an adult, it is contrary to the spirit of modern penology to impose upon juvenile offenders, whose need is reclamation and reform rather than punishment, the penalties intended for adults. As a result of the growing sentiment in that direction, in many jurisdictions, special laws have been enacted for the juvenile offender whereby an infant who has violated the criminal law is treated merely as a delinquent and not as a criminal."

31 C. J. 1094.

Arrests may be made not only in bastardy proceedings but in other civil proceedings as well as in criminal proceedings. Considering the purpose of the juvenile act we are persuaded that §1659 GC in touching upon the arrest of juveniles under the age of eighteen years only affects arrests contemplated in criminal proceedings. That section accordingly imposes no limitations upon the jurisdiction otherwise conferred upon justices of the peace and Courts of Common Pleas in proceedings in bastardy.

It is further urged that if bastardy is a civil action it could not have been prosecuted to judgment against the defendant in this case without the appointment of a guardian ad litem to protect his interests. This question has been considered by a number of courts in other jurisdictions. In Henman v Taylor, 2 Conn. 357, it was held that a proceeding in bastardy was a civil suit and could be instituted and maintained only by a guardian or prochein ami of a minor complainant, and this case was approved in Coomes v Knapp, 11 Ver. 543. In Hanna v State, 60 Ala. 100, it was decided that a next friend need not appear for a minor complainant in view of the fact that the state was the plaintiff although the complainant was subject to a judgment for costs in case the action failed. This opinion was followed in Miller v State, 110 Ala. 69, 20 So. 392. Of like import is Dehler v State, 22 Ind. App. 385, 53 NE 850. In Conefy v Holland, 175 Mass. 469, 56 NE 701, it was determined that as the proceeding in bastardy is an "anomolous one, created and governed by statute," and as the statute requires no next friend, the infant complainant can institute proceedings without one. It is quite likely that these several decisions turn upon local statutes, but in Kansas we find a case based upon a statute almost identical with §12110 GC. The Supreme Court of that state in State v Baker, 65 Kan. 117, 69 Pac. 170, said:

"It will be observed that the bastardy proceeding is wholly statutory, and in the statute we must find the solution of the questions raised by the state. As has been frequently held, the proceeding authorized by the statute is not strictly civil or criminal but partakes somewhat of the nature of both. It has a procedure peculiar to itself and hence the general provisions of the civil and criminal codes do not apply except so far as they are made applicable by the code itself. * * * No distinction is made in the statute between adults and minors, nor does it provide that a minor

shall be represented by next friend or guardian."

We follow the doctrine of that case.

The section of our code requiring the appointment of a guardian ad litem is §11252 GC. This section was a part of the code of civil procedure enacted in 1853. It was passed to provide a system of civil procedure for all suits at law and actions in chancery but did not undertake to extend its provisions to those special proceedings which created rights and provided the procedure therefor. Indeed, by §604 of that original code there were enumerated a number of special proceedings, including bastardy, which were expressly excluded from the operation of the code. **5 O. J. 544.** This section 604 is no longer carried in the general code as it was treated as obsolete and omitted from the revision of the statutes in 1878 (75 O. L. 835), but the rule remains that special proceedings that fully provide the machinery for carrying on the right of action thus created are exempt from the code provisions. Now **§12110, GC,** seeking not to punish but to enforce the performance of a civil duty, **Carter v Krise, 9 Oh St 402,** provides for the arrest of **any** person charged with being the father of an illegitimate child and the subsequent provisions provide for his trial. No provision is found in the chapter on bastardy or elsewhere for the appointment of a guardian ad litem to protect the interests of an infant defendant in that sort of proceeding, and none is therefore required.

There is no error in the record.

The judgment is affirmed.

MIDDLETON and BLOSSER, JJ, concur.