## REAMS v STATE ex FAVORS

Ohio Appeals, 3rd Dist, Logan Co

No 840. Decided Feb 14, 1936

Roy Warren Roof, Kenton, Emerson & Robinson, Bellefontaine, for plaintiff in error.

Howard A. Traul, Bellefontaine, for defendant in error.

**OPINION**

By KLINGER, PJ.

We shall consider these in the reverse order in which they are presented.

What errors, if any, are apparent on the face of the record prejudicial to the rights of plaintiff in error that prevented him from having a fair and impartial trial in the Juvenile Court of Logan County, Ohio, and also in the review in the Court of Common Pleas?

It is contended that the court erred in its charge when it used the following language:

"A proceeding in bastardy although somewhat criminal in form or what is sometimes called quasi-criminal, is clearly of a civil nature and the relief sought and the end to be obtained are of a civil character."

Counsel for plaintiff in error contends that the above portion of the charge is erroneous because the procedure is strictly criminal and not quasi-criminal. In this we think counsel are in error.

A proceeding in bastardy is a civil proceeding. A verdict may be rendered by the concurrence of three fourths of the jury in the opinion of this court. See **Carter v Krise, 9 Oh St 402. Hawes v Cooksey, 13 Ohio 242. Kline v State ex, 20 Oh Ap, 191 (3 Abs 253). Musser v Stewart, 21 Oh St 353.** And if our conclusion and interpretation of the law in this regard is correct, only a preponderance of the evidence is necessary to justify a verdict of guilty.

The next error complained of is that the court committed prejudicial error in charging the jury as follows:

"The defendant is an important witness in his own behalf and his testimony is to be received by you and weighed by the same rules as other witnesses. In passing upon what weight you will give his testimony you may take into consideration the fact that he is the defendant and his interest in the result of the trial."

We agree with counsel for plaintiff in error that this part of the charge is uncalled for under the facts because the defendant did not testify in his own behalf. However, we fail to see that this was of any prejudice to the defendant.

Under the law, counsel have a right to comment on the failure of the defendant below to testify. The conduct of a party to a cause may be of importance in determining whether the ground of defense is honest and just, and anything from which such an inference can be drawn is cogent and so it has become a well established rule that where evidence which

would properly be part of the case is within the control of the party whose interest it would naturally be to produce it and without satisfactory explanation he fails to do so, the jury may draw an inference that it would be unfavorable to him.

Again, if a party suppresses evidence which he has been called upon to produce it may be presumed that his opponent's claim upon such evidence is true. The courts very generally have applied the general inference in cases where the defendant introduced no evidence on the trial, as where the burden is on a party to prove a material fact within his knowledge and he fails without excuse to testify, the presumption, according to the weight of authority, arises that his testimony if introduced would be adverse to his contentions. It is true that there is authority to the contrary.

A party's failure to deny oral admissions attributed to him is considered to create a strong presumption that he made the admissions.

When conduct which is apparently suspicious or dishonorable is the subject of investigation and the actor has an opportunity to explain it, yet fails or refuses, it is but reasonable that the worst construction should be put on it. The fair inference is that it is incapable of any explanation, and the jury may draw an inference that it would be unfavorable to him.

The undisputed evidence in this case is that George W. Reams the defendant roomed with Violet Favors and bedded with her for more than a month; that he had sexual intercourse with her almost daily, according to the evidence offered by the state. This the defendant did not deny and hence the jury were certainly warranted in believing that he had sexual intercourse with her.

The defense, in the examination of the only witness offered by it, asked certain questions relating to the association of the prosecuting witness with other men at or about the time the child was conceived. Objections to these questions were sustained by the court and proffer made by the defense of the evidence the witness would have given if permitted to answer the questions. The proffered evidence was to the effect that the prosecuting witness had on one occasion gone out in an automobile at night with some men, and that on one occasion she had returned to the home of her parents late at night in an intoxicated condition accompanied by another man, and that on another occasion she had told the witness that another woman had warned her to leave her husband alone.

The only purpose of the evidence of the relatrix's association and relation with other men is to tend to prove that at about the time the child in question was begotten the relatrix had intercourse with another man or men and that the child was begotten by such intercourse.

The proffered testimony was proper for laying the basis for further testimony tending to prove that the relatrix had intercourse with another man or men, and in and of itself did not prove such intercourse.

While objections to the questions were improperly sustained, the proffered testimony had no probative value except as a basis for further testimony which was not introduced nor proffered, and for this reason it does not appear from the record that the defendant was in any way prejudiced by the action of the court in sustaining the objections to the questions.

The defendant knew what kind of a woman she was when he bedded with her, and hence under any circumstances the woman was no worse than he was in this regard because according to the undisputed evidence he was guilty himself of the very acts that he wished to prove to discredit the woman with whom he had been associating. Hence we conclude that there was no prejudicial error in the admission or rejection of evidence or in limiting the cross-examination of the state's witnesses.

The baby itself, then more than one year old, was exhibited to the jury for the jury to determine any real or fancied resemblance it might have to its putative father. What if any weight this exhibit had with the jury, we do not know, but this court on reviewing the case does not have the exhibit before it.

Since the evidence offered by the state, in the opinion of this court justified the jury in its conclusion in face of the fact that the defendant did not contradict or offer any evidence to contradict that he did have intercourse with this woman at the times alleged in the complaint. See. Richard v State of Ohio ex, 17 C.C. (N.S.) 51. Crow v Jordan, 49 Oh St 655.

The finding and judgment of the trial court and of the Court of Common Pleas will be affirmed. Exceptions saved.

GUERNSEY and CROW, JJ, concur.