THE STATE, EX REL. PENNINGTON, APPELLEE, *v.* BARGER, APPELLANT.

(No. 867—Decided November 10, 1943.)

*Mr. Maxwell Finkleman,* for appellee.
*Mr. Clinton Egbert,* for appellant.

Ross, P. J. This appeal to this court is upon questions of law and fact. A motion, it is stated by the relator, has been filed to dismiss the appeal both as to fact and on questions of law. No motion appears among the papers. The matter was argued as if such motion were filed and the court passes upon the matter as if such were the case.

The matter originated by the filing of a warrant to arrest issued by the Municipal Court of the city of Middletown, Ohio, in which the respondent was charged to be the putative father of the child of the relator.

Bond was executed, conditioned upon the respondent appearing in such Municipal Court. Later, a recognizance was executed, conditioned upon the appearance of respondent in the Juvenile Court of Butler county to answer the accusations of relator that the respondent was the putative father of her child.

Thereafter, it appears that a trial before a jury was had in such Juvenile Court, which resulted in a verdict, in part, as follows:

"We, the jury, being duly impaneled and sworn, find that the defendant Cecil Barger is guilty in manner and form as he stands charged in the original complaint."

A motion for new trial was filed and overruled. Judgment was entered finding the respondent to be the father of the child in question and ordering:

"That he stands charged in the sum of $100, which sum the court finds to be necessary for the support and maintenance and expenses incurred, by the said complainant in the premises, and that the same be paid in monthly instalments of $20 each and every month until said sum of $100 is fully paid.

"It is further ordered that said Cecil Barger give bond in the sum of $200 that said order will be performed, and pay the costs of this proceeding; and if

said Cecil Barger shall fail or refuse to make the bond herein ordered, or pay said costs, he shall be committed to the jail of said county and to remain therein until he complies with the order of the court or his discharge as provided by law.''

Thereafter, the Juvenile Court of Butler county accepted a recognizance containing the following provisions:

''Whereas, in a certain prosecution in the Juvenile Court of said county, said Cecil Barger has been convicted of an offense, and has given notice to said court of his intention to file, or apply for leave to file, a petition in error to the Court of Appeals of said county.

''The condition of this recognizance is such, that if the above bound Cecil Barger will prosecute such error proceedings without delay, and abide the judgment or sentence of the court; then this recognizance shall be void; otherwise it shall be and remain in full force and virtue in law.''

Thereafter, the Juvenile Court, on May 5, 1943, made the following order:

''This day this cause came on to be heard on the motion of the plaintiff requesting the court for an order fixing the amount of money due for the support and maintenance of the minor child of the plaintiff, the father heretofore having been found to be the putative father of said child; and after due consideration thereof both parties being present and in open court, the court finds that said motion is well taken; and should be sustained; and that the defendant should pay the sum of four dollars ($4) per week for said minor child.

''It is therefore ordered, adjudged and decreed that the defendant pay to the plaintiff the sum of four dollars ($4) each and every week for the support of the minor child of the plaintiff, the first payment thereof due on Saturday, May 8, 1943, and to continue each

Saturday thereafter until the further order of the court. It is further ordered that said payments be payable through the office of the Juvenile Court of Middletown, Ohio, to which judgment of court defendant excepts.''

Notice of appeal was filed on May 18, 1943, "from the final judgment rendered in this cause.''

On June 14, the relator filed a motion to strike the "supersedeas bond" hereinbefore noted as a recognizance for a petition in error.

A bill of exceptions was filed within forty days from the overruling of the motion for new trial.

This proceeding was originated under and by virtue of the provisions of Section 12110 *et seq.*, General Code. The respondent was recognized to appear before the Juvenile Court of Butler county by virtue of Section 12115, General Code, and the entry of judgment in the Juvenile Court, was as authorized by Section 12123, General Code.

This is not a chancery case and the appeal on questions of law and fact must be at least reduced to an appeal on questions of law.

It is asserted, however, by the relator that this appeal must also fail since the provisions of Section 1639-51, General Code, were not followed. This section provides:

''The provisions of the law relating to appeals on questions of law from the Court of Common Pleas, including the allowance and signing of bills of exceptions shall apply to prosecutions of adults under this chapter, and from such prosecutions an appeal on a question of law may be taken to the Court of Appeals of the county under laws governing appeals in other criminal cases to such Court of Appeals. An appeal shall not be taken to the Court of Appeals except upon good cause shown, upon motion and notice to the prose-

cuting attorney, as in civil cases, or unless such motion is allowed by such court.''

The chapter thus identified is Chapter 8 of Title IV of the General Code, relating to the Juvenile Court, and the section refers to ''prosecutions of adults'' as may be provided for in such chapter.

A proceeding perfected under the provisions of Section 12110 *et seq.*, General Code, is not a prosecution provided for in Chapter 8, Title IV of the General Code.

A bastardy proceeding while having some characteristics of a criminal prosecution is essentially a civil action, governed in trial and appeal by the law applicable thereto. 5 Ohio Jurisprudence, 543, Section 5; *Reams* v. *State, ex rel. Favors,* 53 Ohio App., 19, 4 N. E. (2d), 151; *Durst* v. *Griffith,* 43 Ohio App., 44, 182 N. E., 519; *Schneider* v. *State, ex rel. Shorf,* 33 Ohio App., 125, 168 N. E., 568.

For this reason, the motion to dismiss the appeal on questions of law is overruled. It appears that such appeal has been properly perfected as to the judgment of the court entered on May 5, 1943, this being the ''final judgment'' of the court. Although this judgment does not specifically vacate the judgment entered on May 3, 1943, it evidently, being in the same term of court, in effect accomplishes this purpose to the extent that the judgment of May 5 is a modification of the judgment of May 3.

*Motion overruled.*

HILDEBRANT and MATTHEWS, JJ., concur.