**STATE, ex rel SIMONS, Plaintiff-Appellant, v. KISER, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 684.   Decided November 24, 1950.

Spidel, Staley and Hole, Greenville, for plaintiff-appellant.
T. A. Billingsley, Greenville, for defendant-appellee.

**OPINION**

By WISEMAN, J:

This is an appeal on law from the judgment of the Common Pleas Court of Darke County setting aside a verdict of the

jury and judgment of the court on a motion for new trial in a bastardy proceeding. The defendant also has filed a cross appeal.

The only error assigned by the plaintiff-appellant is that the trial court committed error in sustaining the defendant's motion for new trial on the ground that the defendant had been called by the plaintiff as a witness on cross-examination over his objection.

The record shows that during the course of the trial as part of the plaintiff's case the defendant was called for cross-examination. The record is as follows:

"Mr. Staley: I will call the defendant for cross-examination.

"Mr. Billingsley: Objected to. You have no right to in this kind of a case.

"Court: Objection is overruled.

"Mr. Billingsley: In a bastardy case.

"Court: Have you been sworn?

"THEREUPON, the witness, CHARLES KISER, was by the Clerk sworn and took the stand."

It will be observed that no objection was raised except a general objection by counsel. The objection interposed, and the court's ruling thereon, is sufficient under §11560 GC, to lay the foundation for review. In sustaining the motion for new trial the court relied on **Schneider v. State ex rel. Shorf, 33 Oh Ap 125**, 168 N. E. 568, which held:

"In bastardy proceeding, it was reversible error to permit defendant to be called by counsel for complainant and over his objection compelled to testify against himself."

Plaintiff contends that the Schneider case does not properly state the law. It is the only reported case in Ohio on this precise question of law. In that opinion the court holds that while a bastardy proceeding is quasi criminal in character, it is essentially a civil action and a verdict of three-fourths of the jurors is allowed, and proof by a preponderance of the evidence is sufficient. The court then discusses the right of the plaintiff to call the defendant on cross-examination over his objection. The court states that the proceeding in some respects is more criminal than civil in that the proceeding is started by filing an affidavit and having a warrant issued for the arrest of the defendant, and when arrested the defendant may be placed in jail and released on bond; a preliminary hearing is held before the magistrate; that the verdict of the jury is guilty or not guilty. It is interesting to

note that during this discussion, on page 129 of the opinion, the court states:

"The proceedings are civil in their nature."

However, the court finally concludes that in a quasi criminal action it is error to require the defendant to testify over his objection; that it is contrary to the constitutional right of the defendant to require him to give testimony against himself. According to the statement in the opinion on page 132 the objection based on privilege was raised after the witness was sworn, and exception taken to the examination of the witness.

It occurs to this Court that considerable confusion would result if a bastardy proceeding is held to be civil in regard to a certain line of procedure and criminal in regard to another. The criminal aspects of a bastardy proceeding become so by virtue of special statutory provisions. Since it is generally held that a bastardy proceeding is a civil action it is our opinion that the better rule is that the rules with respect to civil actions control, unless the statute otherwise provides. For many years the courts of Ohio have ruled that while a bastardy proceeding possesses some of the aspects of a criminal action it is, nevertheless, essentially a civil proceeding; that it is prosecuted by a private party to enforce a private civil duty and obligation; it is not prosecuted by information or indictment by the prosecuting attorney; it is not punitive in character; the relief sought is of a civil nature; that only a preponderance of the evidence is necessary and a verdict by three-fourths of the jurors is sufficient. **Duncan v. State ex rel. Williams, 119 Oh St 453, 164 N. E. 527; Dimmitt v. State ex rel. Milburn, 112 Oh St 691, 148 N. E. 90; Carter v. Krise, 9 Oh St 402, 405;** State ex rel. Gill v. Volz, 85 Oh Ap 207, 81 N. E. (2d) 796; State ex rel. Merrill v. Moore, 83 Oh Ap 525, 82 N. E. (2d) 323; State ex rel. Pennington v. Barger, 74 Oh Ap 58, 57 N. E. (2d) 815; Reams v. State ex rel. Favors, 53 Oh Ap 19. 4 N. E. (2d) 151; **Durst v. Griffith, 43 Oh Ap 44, 182 N. E. 519;** State ex rel. Wernery v. Lagemann, 77 N. E. (2d) 478; State ex rel. May v. Shepherd, 1 N. P. N. S. 194. See **Vol. 5 O. Jur. page 543, Section 5** (cases cited).

In Burt v. State ex rel. Cook, 79 Ind. 359, and in State v. Jeffrey, 188 Minn. 476, 247 N. W. 692, it was held that the defendant in a bastardy proceeding may be called by the plaintiff on cross-examination on the theory that the action is civil and not criminal.

In our opinion neither the provisions of §13444-3 GC, nor **Article I, Section 10 of the Constitution of Ohio** are violated by

calling the defendant on cross-examination on the theory that a bastardy proceeding is a criminal action. In the Schneider case on which the trial court relied, the court held that the defendant's constitutional right was invaded in that he was compelled to give testimony against himself. **Article I, Section 10, of the Constitution of Ohio** in part provides:

"No person shall be compelled, in any criminal case, to be a witness against himself."

A bastardy proceeding is not a criminal case. However, a witness in a civil case is not required to give testimony which will tend to incriminate him and this immunity is referable to the constitutional guarantee against self-incrimination in criminal cases. See **Vol. 42 O. Jur., page 48, Section 33.** However, the privilege against self-incrimination is a personal privilege to be claimed by the witness and no other person, not even his counsel. **Vol. 42, O. Jur., page 49, Section 34.** If a privilege existed in this case, which we do not decide, the witness would be required to claim it. The record does not show that this was done. Unless it is personally claimed it is considered waived. **Burke v. State, 104 Oh St 220, 228, 229, 135 N. E. 644; State v. Cox, 87 Oh St 313, 346, 101 N. E. 135; Lindsey v. State, 69 Oh St 215, 222, 223, 69 N. E. 126; Orum v. State, 38 Oh Ap 171, 175 N. E. 876; Haberty v. State, 8 O. C. C. 262, 264, 4 O. C. D. 462; Ammon v. Johnson, 3 O. C. C. 263, 268, 269, 2 O. C. D. 149.** In Burke v. State, on page 229, it was held:

"This privilege has always been treated as a personal privilege to be claimed by the interested party, and in the absence of his claiming the privilege, or refusing to testify, he will be deemed to have voluntarily testified."

In State v. Cox, on page 346, it was held:

"The privilege conferred upon a citizen of this state, by **Section 10 of Article I** of our Constitution, is a personal privilege, and he may waive this privilege if he desires to do so. The principle announced in the case of Lindsey v. State is predicated upon this theory and no other. Merely being compelled to appear in pursuance of a subpoena and to be sworn is no violation of this constitutional privilege. This is all preliminary to his testifying and is not prohibited by the constitution. and it is only after the administration of the oath

that the witness can assert his privilege, for it can only be asserted under the sanction of an oath."

In Ammon v. Johnson, the court on page 269 held:

"The law does not presume that the witness has so conducted himself that the answer will injure him; but if the witness claims the privilege it may be given. It is personal to the witness, who alone may know what the answer may be, and cannot be interposed solely by counsel, who may have other reasons why they do not wish the testimony given."

See **Vol. 42, O. Jur. page 50, Section 35.**

The record does not show that the witness claimed his privilege. A general objection was interposed by counsel for the defendant prior to the time the witness was sworn. After the witness was sworn no objection was interposed by counsel and the witness failed to claim his constitutional right of privilege. Furthermore, we fail to see how the defendant was prejudiced inasmuch as he took the stand in his own defense and gave substantially the same testimony that was given on cross-examination. Thus, the case at bar is distinguishable from the case of Schneider v. State ex rel. Shorf, supra, on the facts.

In our opinion the trial court committed prejudicial error in sustaining the motion for new trial on the ground that error had intervened in permitting the plaintiff to call the defendant on cross-examination.

The defendant has filed a cross-appeal and assigns as error that the court erred in the admission of evidence; in overruling defendant's motion to dismiss the complaint at the close of all the evidence, and that the verdict was contrary to the weight of the evidence and not supported by the evidence. We find no prejudicial error in the admission of evidence; neither do we find the verdict of the jury contrary to the manifest weight of the evidence. The other errors assigned are grounded on the contention of the defendant that the plaintiff could not prosecute the action inasmuch as the plaintiff was a married woman on the date of trial. The record shows that the plaintiff was not married when the child was conceived, when it was born and when she filed her complaint on December 20, 1947. The plaintiff married a person other than the reputed father of the child on May 14, 1949. The trial did not take place until February 23, 1950. Under these facts can the plaintiff prosecute the action? The defendant contends that under the principle of law announced

in **Haworth v. Gill, 30 Oh St 627,** and **Sullivan, Gdn. v. Wilkoff, Exrx., 63 Oh Ap 269,** 26 N. E. (2d) 460, the action cannot be maintained. In Haworth v. Gill the syllabus is as follows:

"Proceedings in bastardy cannot be maintained on complaint of the mother, under the Act of April 3, 1873, 'for the maintenance and support of illegitimate children,' when the child in question was begotten and born during the lawful wedlock."

On page 269 the court holds that if the complaint is not made until after delivery "it is equally certain that the complainant must still continue to be unmarried." In that case the complainant was married prior to the time of the institution of the action. In the case at bar the complainant was unmarried at the time of the institution of the action, as the statute requires. In Sullivan Gdn. v. Wilkoff, Exrx., the court held:

"The only action provided by the statutes of Ohio whereby the mother may institute proceedings against the father of an illegitimate child is found in **§12110 GC, which action may be maintained only by an unmarried woman."** (Emphasis ours.)

In that case a question arose as to whether there was any consideration for an agreement upon the part of the reputed father to pay the mother a sum of money which was agreed upon. The court, on page 275, states:

"At the time plaintiff's ward was conceived, as well as when the child was born, the mother of the child was the lawful wife of the man her employer had induced her to marry and, under the facts alleged, this child beyond question is the legitimate child of the mother and her husband and being the legitimate child of the mother and her husband, it cannot be the illegitimate child of any other person."

Neither one of the cases above cited lays down a principle of law applicable to the facts in this case. The court is required to construe the words of the controlling statute, which is §12110 GC, which in part provides:

"When an unmarried woman, who has been delivered of or is pregnant with a bastard child, makes a complaint in writing, under oath, before a justice of the peace, or in juvenile

court, charging a person with being the father of such child, the judge or justice thereupon shall issue his warrant, * * *."

The express provisions of the statute require the complainant to be unmarried at the time of filing the complaint. Neither in this section, nor in the sections which follow, relating to bastardy proceedings, do we find any provision which requires the complainant to be unmarried at the time of trial. Sec. 12123 GC, in part provides that:

"If, in person or by counsel, the accused confesses in court that the **accusation** is true or, if the jury find him guilty, he shall be adjudged the reputed father of the illegitimate child * * *." 'Emphasis ours)

The accusation mentioned in this section is found only in the complaint filed by the plaintiff. Sec. 12125 GC, recognizes that a change of status on the part of the complainant may have taken place after the action is instituted. This section in part provides that:

"The death of the mother will not abate a prosecution instituted by her. A suggestion of the fact shall be made, and the name of her executor or administrator substituted on the record for that of the mother."

Sec. 12134 GC, provides that if such an unmarried woman has not made complaint but would be eligible to make complaint, such complaint may be made by the executor, administrator or guardian of such unmarried woman. Counsel for the defendant contends that the holding of the court in Sullivan, Gdn. v. Wilkoff, Exrx., to the effect that the action may be maintained only by an unmarried woman, the word "maintained" refers to the prosecution of the action at the time of trial, as well as the time of the institution of the action. With this we do not agree. We are of the opinion that the marriage of the complainant in this case, after the proceedings in bastardy were instituted, did not deprive her right to prosecute the action to final determination. We find no assignment of error in the cross appeal well made.

The judgment of the trial court will be reversed and the cause remanded with instructions to overrule the motion for new trial and for further proceedings according to law.

MILLER, PJ, and HORNBECK, J. concur.