**STATE, ex rel. SIMONS, Plaintiff-Appellant, v. KISER, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 684. Decided September 14, 1951.

Spidel, Staley & Hole, Greenville, for plaintiff-appellant.
T. A. Billingsley, Greenville, for defendant-appellee.

### OPINION

By THE COURT:

Submitted on motion of defendant-appellee to dismiss the appeal for want of jurisdiction.

The appeal is taken from an order of the trial court sustaining a motion for new trial. After this Court announced its opinion in this matter our Supreme Court, in **Greene v. Acacia Mutual Life Insurance Company, 156 Oh St 1,** held that an order sustaining a motion for new trial is not a final order and that the provision in §12223-2 GC, that "an order vacating and setting aside a judgment and ordering a new trial, is a final order" is in conflict with **Section 6, Article IV, of the Ohio Constitution.**

This Court is without jurisdiction to entertain the appeal. Motion to dismiss is sustained.

HORNBECK, PJ, WISEMAN & MILLER, JJ, concur.

## ON MOTION TO DISMISS APPEAL

No. 710.   Decided March 27, 1953.

### OPINION

By THE COURT:

Submitted on motion of appellee to dismiss the appeal.

The only error assigned by the appellant, Helen Simons, is that the trial court committed error in overruling her motion for judgment non obstante veredicto.

This is a bastardy case. The case was first tried in 1950, which resulted in a verdict in favor of relatrix, and motion for new trial was sustained. From the order sustaining the motion for new trial an appeal was taken to this Court. After the Supreme Court held, in **Green v. Acacia Mutual Life Insurance Company, 156 Oh St p. 1**, that an order sustaining a motion for new trial is not a final order, this Court dismissed the appeal. Abuse of discretion was not involved.

The case was again tried in 1952, which resulted in a verdict for respondent. The appellant-relatrix filed a motion for judgment non obstante veredicto on the ground that it now appears there was no error in the first trial, and that judgment should now be rendered for relatrix. From the order overruling the motion this appeal was taken.

No bill of exceptions has been filed. A motion for judgment non obstante veredicto at the end of the second trial is necessarily directed to the proceedings on the second trial. In allowing such motion the trial court cannot consider any favorable legal position accruing to appellant in the first hearing. The granting of a new trial eliminates from further consideration all such matters.

From the state of the record the appeal should not be dismissed, but the proper order for this Court to make is an affirmance of the judgment.

So ordered.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.