STATE, ex rel. SIMONS, Plaintiff-Appellant, v. KISER, Defendant-Appellee.

Ohio Appeals, Second District, Darke County.

No. 731.   Decided December 2, 1955.

Spidel, Staley & Hole, Greenville, for plaintiff-appellant.
John E. Engelken, Greenville, for defendant-appellee.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

### OPINION

By HORNBECK, J:

This is an appeal from an order overruling a motion of plaintiff for judgment upon the evidence after verdict, and the one error assigned is the failure to sustain the motion. Defendant-appellee moves to dismiss the appeal on three grounds:

1. That the orders complained of by the appellant occurred following the first trial, to the jury in this case, and the plaintiff-appellant participated in the second trial before a jury without any objections being raised at that time, and that this Court has previously ruled "the trial court cannot consider any favorable legal position accruing to appellant in the first hearing."

2. For the reason that the opinion of the Court of Appeals, which is the real basis of the appellant's appeal, was rendered at the time that the Court of Appeals had no jurisdiction in this cause, as determined by the Supreme Court of the State of Ohio.

3. For the reason that the basis of the original action of the Court of Common Pleas, in sustaining motion for new trial, is still an open question in the State of Ohio, as determined by the Supreme Court, in the case of **State of Ohio, ex rel. Gill v. Volz**, decided July 5, 1951, and found in **156 Oh St 60**.

This case has had a protracted and somewhat unusual judicial history, which it may be of some advantage to set out to appreciate the background.

The original charge against defendant was bastardy, in the court of the Justice of the Peace of Darke County. Defendant was bound to appear at the next term of the Court of Common Pleas. This initial proceeding occurred in 1948. The cause was tried in Common Pleas Court, and on February 24, 1950, a verdict of guilty was returned; Feb-

ruary 28, 1950, motion for new trial was filed, which was sustained on April 13, 1950, for the reason that the defendant had been required to be cross-examined over the objection of his counsel. This order sustaining the motion for new trial was appealed to this Court.

Defendant moved to dismiss the appeal on the ground that the order granting the motion for new trial was not a final order. On August 22, 1950, 58 Abs 257, this Court overruled this motion and handed down an opinion in support of its action.

Thereafter, 59 Abs 113, this Court reversed the action of the trial judge and instructed him to overrule the motion for new trial. This opinion was released November 24, 1950. Before the opinion was journalized, the Supreme Court decided the case of Green v. Acacia Life Insurance Company, 156 Oh St 1, in which, in the fourth syllabus, it was held:

"An order granting a new trial upon motion made in accordance with §11578 GC, is not a final determination of the rights of the parties and does not constitute a judgment or final order, the General Assembly has no power or authority to provide for an appeal from such order, and §12223-2 GC, providing that 'an order vacating or setting aside a judgment and ordering a new trial, is a final order' is in conflict with Section 6, Article IV of the Ohio Constitution."

So much of this syllabus as declared §12223-2 GC unconstitutional was not effective because three judges dissented to the pronouncement, Zimmerman, J., and Hart, J., writing separate dissents, and Matthias, J., concurring in this last opinion.

Defendant moved to dismiss the appeal for want of jurisdiction, and on September 14, 1951, 66 Abs 343, 117 N. E. (2d) 203, this Court dismissed the appeal upon the authority of Green v. Acacia Life Insurance Co., supra. From this order no appeal was prosecuted.

Thereafter, in 1952, the exact date of which we do not have, the cause was again tried to a jury which returned a verdict of "not guilty." We have no record of the proceedings incident to the second trial, and no information whether or not plaintiff interposed any objection to proceeding. Plaintiff then moved for a judgment notwithstanding the verdict, which motion was overruled and appeal prosecuted to this Court and on March 27, 1953, 95 Oh Ap 343, this Court affirmed the order of the trial court. Appellant based her cause for relief on this appeal upon the result of the verdict in the first case, and the original opinion of this Court in reversing the order of the trial court granting defendant's motion for a new trial. Motion for a new trial in the second case was filed and overruled.

Thereafter, in 1954, plaintiff filed a motion for judgment upon the evidence, which in February, 1955, was overruled. From this action of the trial court this appeal is prosecuted.

Counsel for plaintiff in this Court, as they did in the motion for judgment notwithstanding the verdict, rely upon the proceedings in the first trial, our reversal of the order sustaining the motion for a new trial, and particularly on the case of Gray v. Youngstown Municipal Ry. Co., 160 Oh St 511, and statement of Judge Middleton in his concurring opinion in this case.

In the case of Mele v. Mason, 156 Oh St 118, decided in July, 1951,

succeeding the decision in the Green case in June, 1951, the court reversed the Court of Appeals for assuming jurisdiction to pass upon an order of the trial court sustaining a motion for a new trial, and again held, upon the authority of Green v. Acacia Life Insurance Company, supra, that the sustaining of a motion for a new trial was not a final order. Following this judgment of reversal, Zimmerman, J., Matthias, J., and Hart, J., who had dissented in the Green case, said:

"Although adhering to their views as announced in the Green case, supra, that §12223-2 GC, is not in conflict with **Section 6 of Article IV of the state Constitution,** accord the decision and judgment of this court therein due recognition, and, therefore, only to avoid the chaotic condition which would result from a situation, created by the provisions of **Section 2 of Article IV of the state Constitution,** that a law would be valid in some appellate districts but invalid in other appellate districts, and for the sole purpose of assuring uniformity of procedure in our courts, concur in the reversal of the judgment of the Court of Appeals."

And later, in **Lawrence v. Moore, 156 Oh St 375,** the court again held that the appellate court was without jurisdiction to consider an order granting a new trial, where abuse of discretion did not appear because it was not a final order. All members of the court concurred in a per curiam opinion in this case.

We grant that the opinion and holding of the court in Gray v. Youngstown Municipal Ry. Co., supra, is somewhat disconcerting, as it reflects upon the finality of a judgment after a motion for a new trial has been filed. However, Judge Zimmerman, writing the opinion in this case, said at page 516:

"It should be apparent that the question presented in the Green case and the one now before the court are quite different in character."

There is no doubt that Judge Middleton in his concurring opinion, as stated in appellant's brief, confessed that he was wrong in the Green case. He said: "It is my opinion that the granting of the motion for a new trial was a final and appealable order, notwithstanding the Green case. This statement is made with full consciousness that I concurred in the Green case, but I no longer approve of the reasoning or judgment therein."

Without respect to the law of the Gray case, it did not and could not affect the opinion and order of this Court in sustaining the motion to dismiss plaintiff's appeal in the first case for want of jurisdiction. At that time, the Green case was the law, and in following it we were correct. Whether or not our order dismissing the appeal was sound, it was not tested by any further proceedings and stands unreversed and unmodified.

The effect of this order was to leave the action of the trial judge sustaining the motion for new trial in the first case in full force and effect. The third syllabus in the Green case is:

"Where the trial court grants a motion for a new trial, the judgment entered upon a verdict is set aside and is no longer in existence."

In passing on the appeal from the order of the trial judge overruling plaintiff's motion for judgment notwithstanding the verdict we said,

in ruling on that motion, the trial court cannot consider any favorable legal position accruing to appellant in the first hearing. The granting of a new trial eliminates from further consideration all such matters.

Counsel rely upon and quote from the Gray case, wherein §11601 GC, is quoted, at page 514:

"When, upon the statements in the pleadings or upon the evidence received upon the trial, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party."

Manifestly this language is directed to evidence received during the trial in which the proceedings are under review and cannot refer to a prior trial in which the judgment, and in our opinion, the verdict, had been nullified. In the second syllabus of the Gray case it is said:

"Where during the trial of an action a party moves for a directed verdict at appropriate stages, which motions are overruled, and secures a verdict and judgment in his favor and the court thereafter grants a new trial, such party may then under §11601 GC, forthwith move for judgment in his favor 'upon the evidence received upon the trial,' such motion will in effect renew the motions for a directed verdict and the overruling of such motion will constitute a final appealable order." (Emphasis ours.)

Thus, if by any reasoning the foregoing be given the most favorable interpretation for the plaintiff here, it is obvious that the delay in filing the motion would be sufficient basis for denial of the motion for judgment.

The only possible theory upon which plaintiff could secure the relief which she seeks would be to reinstate, as a judgment, the opinion of this Court on the first appeal, set aside the order sustaining the motion for new trial, and enter judgment on the first verdict. This, in effect, is the result that would have been obtained if our first judgment had not been nullified. The weakness in the position of plaintiff is that this Court, by its order dismissing the first appeal for want of jurisdiction, which order is unreversed, removed all basis for such a judgment as now sought. The case when remanded to the Common Pleas Court was in the status before the first appeal, verdict for plaintiff set aside. A motion for a judgment on the evidence in the trial court where it was filed could not have been sustained because the record included testimony, by the ruling of the trial judge improperly received and, therefore, could not be resolved in favor of the plaintiff, as a matter of law

We are not unsympathetic with the position of the plaintiff in this case, and realize that by a series of adjudications she has been denied relief to which she may at all times have been entitled. However, we are satisfied that when the first appeal was properly dismissed, under the Green case, the judgment and verdict were without any force inasmuch as a motion for a new trial had been sustained.

The trial judge was correct in overruling plaintiff's motion for judgment upon the evidence after verdict. The judgment will be affirmed.

MILLER, PJ, CONN, J, concur.